UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOCIAL AID AND PLEASURE CLUB          CIVIL ACTION
TASK FORCE, ET AL.

VERSUS                                NO: 08-803

CITY OF NEW ORLEANS, ET AL.           SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Attorney Fees (Rec. Doc. 6).  The motion is unopposed.  For the reasons below, the motion is **GRANTED**.

**BACKGROUND**

Plaintiffs filed a Motion for a Temporary Restraining Order seeking to have this court restrain Defendants from cancelling their parade scheduled for February 4, 2008.  The City had issued, but then cancelled the parade permit, allegedly on the grounds that the parade would over tax the New Orleans Police Department and would interfere with the Lundi Gras celebration already scheduled for Woldenberg Park. The court advised the City that intended to grant the TRO, and instructed the parties to attempt to negotiate an alternate route for the event.  The parties agreed to an alternate route and the court entered an order that Plaintiffs would be issued a permit to parade along

the established route.  Plaintiffs now seek attorneys fees and expenses associated with this litigation.

### DISCUSSION

Plaintiffs assert their right to attorneys fees under 42 U.S.C. § 1988(b), which provides that in an action brought under § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  A prevailing party exists where there is a "material alteration in the relationship of the parties," whether through a judgment on the merits or court-ordered consent decree.  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).  To classify as a prevailing party under the fee-shifting statute, there must be a judicial imprimatur to the change in relationship between the parties.  *Id.* a 605.  Thus, the Court has declined to award attorneys fees under the "catalyst theory," where the plaintiff "achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct."  *Id.* at 600; *Planned Parenthood v. Sanchez*, 480 F.3d 734, 739 (5th Cir. 2007).

In this case, Plaintiffs succeeded in achieving their main goal in bringing suit - being permitted to parade.  Furthermore,

there was a "judicially sanctioned change in the legal
relationship of the parties." *Buckhannon*, 532 U.S. at 605.
Defendants did not voluntary alter their position, but rather the
parties submitted to a court order outlining their respective
rights and responsibilities.  Therefore, Plaintiffs can be
classified as the prevailing party in this matter and qualify for
attorneys fees under § 1988.

Applying the loadstar method, Plaintiffs request an award of
fees for 31.6 hours, at a rate of $160 an hour.  Additionally,
Plaintiffs seek recovery of costs incurred in bringing this
claim, specifically the $350 filing fee.  When an attorney
requests a rate within the range of prevailing market rates and
that rate is not contested; it is prima facie reasonable.  *La.
Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995).
Upon review of recent decisions, the rate requested by Plaintiffs
appears to be within the range of prevailing rates in New
Orleans.  *See Thompson v. Connick*, 2007 WL 1772060, at *2-4
(surveying recent attorney fee awards); *see e.g., In re
Educational Testing Service Litigation*, 2006 WL 2513005, at *20
(E.D. La. 2006) (noting that the prevailing rate for associate
level attorneys is $150 per hour); *Cavaretta v. Entergy Corp.*,
2005 WL 1038532, at *1 (E.D. La. 2005) (finding $225 per hour
reasonable for an attorney with five years experience, given the

3

difficulty of the case).  Furthermore, there is no evidence that Plaintiffs' counsel failed to exercise billing judgement in computing the amount of time expended in this matter.  *See La. Power & Light*, 50 F.3d at 324-25.


Absent meaningful opposition or any indication that the award requested is excessive in light of the degree of success and complexity of the matter, Plaintiffs' requested attorneys fees and costs appear reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees (Rec. Doc. 6) is **GRANTED**.

New Orleans, Louisiana this the 10th day of March, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE